(87 South. 532)

**BROCK v. SPEAKE & MOEBES.**
(8 Div. 269.)

(Supreme Court of Alabama. Nov. 11, 1920.)

**Trial** ⚖⇒260(1)—Requested charges already covered properly refused.

Requested charges, covered by the oral charge, are properly refused.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Action by John L. Brock against Speake & Moebes for rent of store premises. Judgment for defendants, and plaintiff appeals.

Transferred from Court of Appeals 'under section 6, Acts 1911, p. 449. Affirmed.

E. W. Godbey, of Decatur, for appellant.

The holding over, without more, rendered the defendants liable for the full year. There was no need for a written lease. 191 Ala. 333, 67 South. 695. The reserving of rent at a fixed rate per month did not prevent or preclude the complete entirety of the contract. 88 Ala. 510, 7 South. 331; 109 Ala. 143, 19 South. 402; 127 Ala. 570, 30 South. 523, 85 Am. St. Rep. 143; 204 Mass. 18, 90 N. E. 394, 25 L. R. A. (N. S.) 957, 134 Am. St. Rep. 645. Brock did nothing to waive his rights, and it is common knowledge that storehouses are not rented for a shorter period than a year. 108 Ala. 440, 19 South. 321; 90 Ala. 115, 7 South. 441.

Eyster & Eyster and Tennis Tidwell, all of Albany, for appellees.

It matters not what the contract was as it was abandoned by mutual consent. 16 R. C. L. 1153; 2 Taylor, L. & T. 94; 66 N. J. Law, 60, 48 Atl. 1026; 204 Pa. 1, 53 Atl. 528, 59 L. R. A. 907, 93 Am. St. Rep. 782; 180 App. Div. 348, 167 N. Y. Supp. 871; 56 Minn. 93, 57 N. W. 329.

THOMAS, J. The suit was for rent, installments, and for holding over by a tenant. The landlord insists that the lease expired December 31, 1915, and that the tenants held over under an existing lease until February 28, 1916, and by reason thereof became liable for the rental of the premises for the year 1916.

The complaint was in three counts, declaring for the rent for the respective months of March, April, and May of that year. A letter or memoranda of the tenants, confirmatory of the agreement for a lease of three years, is embodied in each count. The defendants replied that they were not indebted as alleged in the complaint.

The testimony is without dispute that at the time of the writing of the letter in question (on June 29, 1912) by the tenants to the landlord, defendants were in possession of the premises, paying a lower rental per month than that named in the letter; that they did not occupy the premises during either of the three months made the subject of the respective counts, having vacated on or about the 28th day of February, 1916, after a telephone conversation between the respective parties, in which reference was made to the vacation of the premises. The extent or substance of this conversation is controverted.

The insistence of appellees is that it was originally intended, as indicated by said letter, to make a three-year lease of the premises to begin on January 1, 1913; that thereafter the same was changed to a monthly rental contract by the landlord telling the tenants to pay the rent monthly as they had theretofore done until he would furnish them with a lease covering the term, which lease was never furnished by him, nor was a formal lease executed by the tenants, nor that its execution was waived by their being in possession, contracting for such lease and paying a part of the purchase money. On this phase of the case, one of the defendants testified that when the correspondence in question was had between the respective parties, plaintiff was in Denver, Colo., and thereafter he returned to Decatur, Ala., had a conversation with him (witness) about the lease, and stated that "he did not have any lease prepared just then," but that defendants should "go ahead and pay by the month, as we [they] had been until he furnished them with one"; that the landlord never furnished the tenants with the lease for execution; and that the tenants continued to pay rent by the month, and were so paying at the time of the telephone conversation (January 5, 1916), informing the landlord that they would move out on the 30 days' given notice. On redirect examination defendant testified that they had been renting by the month up to January 1, 1912, and on recross-examination, to the question, "Did you have any arrangement with Mr. Brock to pay him rent, your rent, in proportion from January up to March 1, 1916?" answered, "Nothing except our monthly understanding," and, to the question, "Did you have any arrangement when you told him that you were going to move out in January —rather March 1, 1916?" answered, "He made no protest," and asked if witness could not get him a tenant.

The plaintiff testified that the first he knew of his tenants' intention to vacate the premises was about the middle of January, 1916; that he did not think he said to them, when they notified him they were going to hold over for a certain time and then move, "to look around and see if they could not get me [him] a tenant"; that it was his best recollection that he did not make such statement, and had no recollection of any conversation with the tenants after the letter of June 29, 1912, relative to the lease or its terms; that witness did not tell them he had no lease prepared, and that he would prepare one, or that they might prepare one, nor that, until such lease was drawn, they might continue to pay by the month as they had been doing theretofore; that he did not remember making any other statement to them of the terms of their tenancy than those contained in the letter of acceptance. He offered a correspondence between the parties as tending to confirm his view of the controversy. There was, then, conflict on the material question of modification or surrender of the lease by the assent of the respective parties.

Whether correctly or not, the trial court in

effect orally charged the jury that there had previously existed a binding rental contract for three years, and that if defendants held over after its expiration this was in effect a renewal of the contract for an additional period of three years, and that if defendants remained in possession after January 1, 1916, they became liable for the same rent, term, and conditions provided in the original contract. This, in effect, was giving affirmative instruction for the plaintiff as to the existence of the obligation of defendants to pay rent, unless the tenancy had been terminated by mutual consent. Therefore the only controverted issue submitted to the jury by the court in the oral charge was abandonment vel non of the rental contract; and the appellant cannot complain of the refusal of any of its charges, attempting to define the status or fix liability of defendants under the facts established, as the oral charge more than covered the same by the affirmative instruction for plaintiff on these issues, as we have indicated.

There was evidence from which the jury could infer an express or implied mutual abandonment of the rental contract and the tenancy. Such being the case, the trial court did not err in refusing plaintiff's requested affirmative charges.

We have carefully considered defendants' requested charges, and it would subserve no good purpose to discuss them in detail; if not faulty, they were either covered by the oral charge of the court or invaded the province of the jury.

After a careful examination of the record, we are of opinion that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.